# Decisions of the Supreme Court of Missouri,

## JACKSON DISTRICT, APRIL TERM, 1830.

### Evans v. Hays.

If plaintiff fails to file security for costs agreeably to order of Court, his suit shall be dismissed, and he shall be adjudged to pay the costs.

APPEAL from Cape Girardeau Circuit Court.

Tompkins, J., delivered the opinion of the Court.

This is an action of assumpsit, brought in the Circuit Court of Cape Girardeau county by the appellant, against the defendant for money collected as Sheriff, and which he failed to pay over to the appellant.

The first error is general. The second is, that the Circuit Court allowed the defendant to set off against the plaintiff's demand the amount of an execution for $59 38 3-4, issued in favor of the plaintiff against the defendant, on a judgment of the Supreme Court reversing a judgment of the Circuit Court, against the present plaintiff in favor of the present defendant. From the bill of exceptions we learn that an execution issued from the Circuit Court of Cape Girardeau county in favor of the present defendant against the plaintiff for $57 07 1-4, returnable to the August term, 1826, on which the money was made. That in the meantime, the defendant's judgment against the plaintiff was reversed in the Supreme Court, and that by order of the Court the plaintiff had the money restored to him, the cause being remanded for further proceedings. That after it was sent back to the Circuit Court, it was dismissed because the plaintiff there (now plaintiff in the present cause) had not filed security for costs, agreeable to an order of the Circuit Court. (185) After the cause was remanded to the Circuit Court, as before stated, and the costs paid by Evans to Hays had been restored to him by order of the Supreme Court, the parties stood in that Court as if there had been no interruption of the pro-

ceedings in the Circuit Court, and as if neither party had paid any costs. The costs then awaited the event of the suit. Evans failed to file security for costs, and the costs were rightly adjudged to be paid by him. The sum of $57 07 1-4 constituted a part of those costs, and the difference between $59 38 3-4 and $57 07 1-4, is, as we suppose, the amount of costs accumulated after the cause was remanded. In this we find no error.

The third error assigned is, that the Court erred in directing its Clerk, upon an ex parte motion of the defendant, to retax the costs in a case which had been in the Supreme Court, and issue an execution against the plaintiff, because the Supreme Court had ordered the plaintiff restitution. Of the matter assigned for error here, enough has been said before. We think there is no error.

The matter fourthly assigned for error is, that the Circuit Court permitted the receipt of the plaintiff, given to James Montgomery for his fee as deputy Attorney General, to go in evidence as an offset against the demand which the plaintiff had the defendant charged with upon an execution issued in favor of the United States against said James and others.

By the bill of exceptions it is seen that Evans, in his bill of particulars, had a charge for a tax fee on an execution against Montgomery and others, but the execution produced was against Montgomery alone. There seems then no difficulty in saying that the Circuit Court did right in admitting the receipt.

The matter fifthly assigned for error is, that the Circuit Court erred in permitting a receipt given by Evans to Thos. Fletcher for $5, to go in evidence as part set-off of a tax fee with which the plaintiff, Evans, had the defendant charged, collected upon an execution issued in favor of A. Wilson and Thomas Fletcher *v.* Mary Mathews et al. This receipt is for five dollars, on account in part of the judgment obtained, &c., which is to be applied as a credit on said judgment. On this execution $24 45 only were collected. The costs amounted to $25 47. We think that in such case the costs were to be first paid. Evans appropriated five dollars of this money to the plaintiff's use, and made himself by his receipt liable to the plaintiff for so much money received to the plaintiff's use. It was to be applied as a credit (186) on said judgment. We think there is no error in allowing the receipt to go in evidence.

The sixth assignment is, that the Court erred in permitting the evidence of William Garner to charge the plaintiff $6, with which he had the defendant charged as a tax fee on an execution issued in favor of John Risher *v.* Chas. S. Hempstead. Under this execution Garner, as deputy to Hays, sold a tract of land; Risher, the plaintiff, became purchaser, and wanted a deed for the land without paying the money, which was at first refused; but afterwards the deed was made at the instance of Evans, plaintiff in this case. No money here came to the Sheriff's hands by means of Evans, or rather at his instance. However the Sheriff may have made himself liable to the other officers of the Court, he certainly ought not to answer to Evans for his part of the costs. There is then, we think, no error here.

The seventh assignment of error is, that the Circuit Court erred in rejecting certain executions offered by the plaintiff to charge the defendant with the tax fees endorsed thereon as coming to the plaintiff. It is clear that when money has been received by the Sheriff, he is answerable to the extent of what is received. And the Court is inclined to the opinion, that when there is not enough collected to pay all the costs, the Sheriff may retain his own costs first, and pay to the other officers as

they may first demand, unless the Court shall, at the return term, make an apportionment of the money received among the officers of the Court.

The Court is inclined to think that these executions mentioned in the seventh assignment of errors, ought to have been left to the jury to say whether money had not come to the Sheriff's hands, and that the Court erred in rejecting them.

Therefore the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings in conformity with this opinion, and the appellant is allowed his costs in this Court.

